**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| JAMES WILSON,<br><br>Plaintiff,<br><br>vs.<br><br>STORE MANAGER OF HOME DEPOT #3010; JOHN DOE #1; JOHN DOE #2; and HOME DEPOT U.S.A., INC.,<br><br>Defendants. | NO. __________<br><br>Removed from the St. Louis County Circuit Court, Cause No. 26SL-CC05649<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL** |

Defendant Home Depot USA, Inc. ("Home Depot"), pursuant to 28 U.S.C. section 1441 *et seq.*, files this notice of removal, and in support states as follows:

Plaintiff James Wilson commenced a civil action captioned *James Wilson, Plaintiff, v. Store Manager of Home Depot #3010; John Doe #1; John Doe #2; and Home Depot U.S.A., Inc., Defendant* (the "State Court Action"), Case No. 26SL-CC05649, in the 21st Judicial Circuit, St. Louis County, Missouri, on August 13, 2026. Plaintiff served Home Depot through its registered agent on August 17, 2026. A copy of Plaintiff's Petition for Damages; Summons; and Notice of Service of Process are attached to this Notice and constitute all process, pleadings, and orders filed in the State Court Action.

In the State Court Action, as set forth in the Petition, Plaintiff claims that he sustained bodily injuries, on or about March 12, 2026, when a Home Depot shopping cart shifted and tipped towards Plaintiff forcing him off balance and caused him to fall. Plaintiff effected service of process on Home Depot through its registered agent on August 17, 2026. At that time, per Plaintiff's "Petition for Damages", Plaintiff's alleged damages were only known to be including "in excess of $25,000.00…". As such, the case was arguably not removable at that time under

28 U.S.C. Section 1446(b)(1). Rather, pursuant to 28 U.S.C. Section 1446(b)(3), the case later became removable by the receipt of "other paper[s]" from which it was first ascertained that the case "is or has become removable". Specifically, by Plaintiff's counsel's October 9, 2026 email demanding $99,000.00 and October 27, 2026 email stating that Plaintiff would not accept less than $79,000.00, the amount in controversy became solidified as greater than the jurisdictional limit. As such, removal is timely.

This Court has original jurisdiction over this matter pursuant to both 28 U.S.C. § 1332 and 1331 for the reasons set forth below:

a. **Diversity Jurisdiction (§ 1332):**

1. **Complete diversity exists**.

The following statements were true on <u>both</u> the date that Plaintiff filed his Petition (August 13, 2026) and the date that Home Depot filed its notice of removal (November 9, 2026):

i. Plaintiff James Wilson is a citizen of the State of Missouri (Plaintiff's Petition, Paragraph 1);

ii. Defendant Home Depot is incorporated in the State of Delaware, with its principal place of business in the State of Georgia.

iii. Defendants "Store Manager of Home Depot #3010", "John Doe #1", and "John Doe #2" are fictitious and "shall be disregarded" for the purpose of removal. See 28 U.S.C. Section 1441(b)(2).

2. **The amount in controversy exceeds $75,000.00**.

Based on the content of Plaintiff's Petition, Home Depot believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

Home Depot satisfies its burden to prove that the amount in controversy exceeds $75,000.00 even though an amount of damages is not specified in Plaintiff's Petition. *See Kaufman v. Costco Wholesale Corp.*, 571 F.Supp.2d 1061, 1063 (D. Minn. 2008) (*citing In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (Where the Plaintiff does not allege a specific amount in the complaint, the removing party bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00). In the Eighth Circuit, the amount in controversy is measured by the "value to the plaintiff of the right sought to be enforced." *Advance Am. Servicing of Ark. V. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008). *See also Hartridge v. Aetna Cas. & Surety Co.*, 415 F.2d 809, 815 (8th Cir. 1969) (the amount in controversy is the amount that the complainant seeks to recover or the sum that defendant will lose if the complainant wins the suit). In other words, the amount in controversy is the amount that Plaintiff will seek from a jury in this matter.

Although Home Depot denies liability, Home Depot believes that Plaintiff will seek from a jury an amount greater than $75,000.00. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011) (*quoting In re Reisenberg*, 208 U.S. 90, 107-08 (1908)) ("Jurisdiction does not depend upon the fact that the defendant denies the existence of the claim made, or its amount or validity"). Plaintiff claims ongoing physical injuries involving multiple regions of his spine, continuing pain and impairment, medical expenses, future medical treatment, and loss of enjoyment of life. Most significantly, on October 9, 2026, after commencement of this action, Plaintiff's counsel transmitted a written settlement demand of $99,000 to resolve and withdraw Plaintiff's pending claims against Home Depot and its employees. That demand constitutes Plaintiff's own post-suit valuation of the claims placed in controversy by his Petition and exceeds the jurisdictional threshold by nearly $24,000. Plaintiff's subsequent settlement position further

confirms that valuation: on October 27, 2026, counsel represented that Plaintiff was "not likely to agree to settle below $79,000.00" based upon his alleged continuing limitations. These are not hypothetical damages attributed to Plaintiff by Defendant; they are Plaintiff's own valuations of the claims asserted in this action. When considered together with Plaintiff's alleged spinal injuries, medical expenses exceeding approximately $20,000 before inclusion of all provider charges, continuing limitations, future treatment, pain and suffering, impairment, and loss of enjoyment of life, the evidence establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Defendant, Home Depot U.S.A., Inc., hereby removes the State Court Action pending as Case No. 26SL-CC05649 in the 21st Judicial Circuit Court, St. Louis County, Missouri, to this Honorable Court.

**BROWN & JAMES LAW FIRM, P.C.**

*/s/ Edward W. Zeidler II*
Edward W. Zeidler II
800 Market Street
St. Louis, Missouri 63101
Phone: (314)242-5263
Fax: (314)242-5463
E-mail: ezeidler@bjpc.com

**LEDERER WESTON CRAIG PLC**

Benjamin M. Weston (Application PHV forthcoming)
4401 Westown Parkway, Suite 212
West Des Moines, Iowa 50266
Phone: (515)224-3911
Fax: (515)224-2698
E-mail: bweston@lwclawyers.com

***ATTORNEYS FOR DEFENDANT HOME DEPOT U.S.A., INC.***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on I electronically filed the foregoing with the Clerk of the U.S. District Court for the Eastern District of Missouri, using the ECF system which will send notification of such filing to the following:

Christopher Desilets
DIPASQUALE MOORE, LLC
900 Spruce Street, Suite 150
St. Louis, MO 63102
***ATTORNEY FOR PLAINTIFF***

I certify under penalty of perjury that the foregoing is true and correct. Executed November 9, 2026.

*/s/ Edward W. Zeidler II*