Case.net:26SL-CC05649 - JAMES WILSON V. HOME DEPOT U.S.A., INC., ET AL (E-CASE) - Docket Entries

**Sort by date:** Descending Ascending **Display options:** All Entries

**08/24/2026**

**Affidavit Filed**

Affidavit of Service.

**Filed By:** CHRISTOPHER M DESILETS

**On Behalf Of:** JAMES WILSON

**08/18/2026**

**Affidavit Filed**

Affidavit of Service.

**Filed By:** CHRISTOPHER M DESILETS

**On Behalf Of:** JAMES WILSON

**Agent Served**

Document ID - 26-SMCC-10639; Served To - HOME DEPOT U.S.A., INC.,; Served Date - 08/17/2026; Served Time - 00:00:00; Service Type - SP; Reason Description - SERV; Service Text -

**08/13/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-10639, for HOME DEPOT U.S.A., INC., Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summons Issued-Circuit**

Document ID: 26-SMCC-10638, for MANAGER, STORE Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Judge Assigned**

DIV 22

**Filing Info Sheet eFiling**

**Filed By:** CHRISTOPHER M DESILETS

Motion Special Process Server

REQUEST FOR APPOINTMENT OF PROCESS SERVER.

**Filed By:** CHRISTOPHER M DESILETS

**On Behalf Of:** JAMES WILSON

**Pet Filed in Circuit Ct**

Petition.

**Filed By:** CHRISTOPHER M DESILETS

**On Behalf Of:** JAMES WILSON

26SL-CC05649
Electronically Filed - St Louis County - August 13, 2026 - 02:16 PM

STATE OF MISSOURI
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY

JAMES WILSON,

Plaintiff,

v.

STORE MANAGER
Serve at:
Home Depot #3010
7481 S Lindberg Blvd
Festus, MO 63125

and

JOHN DOE #1
JOHN DOE #2

and

HOME DEPOT U.S.A., INC.,
Serve at:
Registered Agent
CSC
221 Bolivar St.
Jefferson City, MO 65101

Defendants.

Case No.

Division

**PETITION FOR DAMAGES**

COMES NOW Plaintiff, James Wilson, by undersigned counsel, and for his claims for relief against Defendants STORE MANAGER ("Defendant Manager"), Home Depot Employee John Doe #1, Home Depot Employee John Doe #2, and Home Depot U.S.A., Inc. ("Defendant Home Depot"), states, avers and alleges as follows:

THE PARTIES

1. Plaintiff is a resident of St. Louis County, Missouri.

2. Defendant Home Depot is a Delaware corporation with an office and agents

Electronically Filed - St Louis County - August 13, 2026 - 02:16 PM

transacting usual and customary business in St. Louis County, Missouri.

3. Defendant Manager was employed by Defendant Home Depot at its St. Louis County Store #3010 location, whose employment responsibilities included the daily management and operating of the Home Depot Store #3010, and was acting in the course and scope of employment with Defendant Home Depot.

4. Defendants John Doe #1 and John Doe #2 were employees of Defendant Home Depot, worked at the Home Depot Store #3010, and had within their employment responsibilities and duties the day-to-day operation and maintenance of the vertical panel saw area.

5. When Plaintiff was injured, Defendants John Doe #1 and John Doe #2 were acting in the course and scope of employment with Defendant Home Depot.

JURISDICTION & VENUE

6. This Court has personal jurisdiction over Defendants in this matter pursuant to §506.500 RSMo.

7. This Court has subject matter jurisdiction over this suit as the events giving rise occurred in St. Louis County.

8. Venue is proper in this Court pursuant to §508.010 RSMo.

FACTS COMMON TO ALL COUNTS

9. On Thursday, March 12, 2026, Plaintiff was a business invitee at the Home Depot Store #3010, operated by Defendants at 7481 South Lindbergh Boulevard, St. Louis, Missouri.

10. In seeking to purchase plywood for his pantry remodeling project, Plaintiff engaged Home Depot employee John Doe #1 for assistance.

11. Defendant John Doe #1 was on the clock and acting within the scope and course of his employment with Defendant Home Depot.

12. Home Depot employee John Doe #1 and Plaintiff obtained a cart provided by Home

Electronically Filed - St Louis County - August 13, 2026 - 02:16 PM

Depot and loaded sheets of plywood onto the cart for transport to the vertical panel saw.

13. Home Depot employee John Doe #1 engaged Plaintiff's assistance to feed one sheet of plywood through the vertical panel saw to be cut to size for pantry shelves.

14. The vertical panel saw was clearly marked with warning tape and was only operable by entering an employee code.

15. Home Depot employee John Doe #2 joined his coworker at the vertical panel saw to continue cutting the plywood, replacing Plaintiff in the operation.

16. Defendant John Doe #2 was on the clock and acting within the scope and course of his employment with Defendant Home Depot

17. Home Depot employee John Doe #1 directed Plaintiff to receive the cut plywood strips and stack them onto a different nearby cart provided by Home Depot, which had already been loaded with materials unrelated to Plaintiff's project.

18. Plaintiff did as he was directed by Home Depot employee John Doe #1 and piled pieces of plywood on the cart designated by John Doe #1 as instructed.

19. As Plaintiff placed a piece of cut plywood onto the cart as directed, the cart shifted and tipped toward Plaintiff under the weight of its load.

20. The shifting weight of the cart swept Plaintiff's legs from under him, forced Plaintiff off balance, and caused him to fall forward into the load on the cart.

21. Plaintiff reacted dynamically to catch his balance to avoid falling onto the concrete store floor.

22. The impact of the load, the fall forward into the load, and the physical reaction to avoid hitting the concrete floor caused Plaintiff to suffer musculoskeletal stress and injuries.

23. The shove from the cart caused Plaintiff injury to his head, neck, back, shoulders, and limits use of his whole body.

Not an Official Court Document

Electronically Filed - St Louis County - August 13, 2026 - 02:16 PM

24. Plaintiff's injuries became symptomatic within minutes as he attempted to complete his supply run.

25. Before completing his shopping, Plaintiff reported to customer service to document the incident and his injury.

26. Defendant Home Depot's employee responded to Plaintiff's request to document the incident and his injury with smirks.

27. Upon documenting the incident, Defendant Home Depot agreed to assist Plaintiff with loading the ripped plywood into his vehicle.

28. Plaintiff slowly and carefully loaded his own purchases without assistance after waiting a significant amount of time for Defendant Home Depot personnel to appear in the parking lot to no avail.

29. Defendants owned, operated, maintained, and controlled Home Depot Store #3010, including all carts provided for customer use.

30. Defendants owed a duty to exercise reasonable and ordinary care to maintain their premises safe for Plaintiff and other business invitees.

31. Defendants owed a duty to exercise reasonable and ordinary care to maintain the safe condition of the carts they provided.

32. Defendants owed a duty to exercise reasonable and ordinary care to ensure the cart Defendants directed Plaintiff to use was reasonably safe for its intended use.

33. Defendants owed a duty to inspect and maintain their carts in reasonably safe conditions.

34. Defendants owed a duty to warn Plaintiff of dangerous conditions on its premises and to take reasonable precautions to prevent injury.

35. Defendant owed a duty to exercise reasonable and ordinary care when directing

Electronically Filed - St Louis County - August 13, 2026 - 02:16 PM

Plaintiff to use equipment and perform tasks on its premises with its devices.

COUNT I
NEGLIGENCE

36. Plaintiff incorporates all preceding paragraphs as fully set forth herein.

37. While Plaintiff was Defendants' invitee, Defendants owed a duty to exercise reasonable and ordinary care to keep their premises safe for Plaintiff as a business invitee and to provide only reasonably safe equipment for customer use.

38. Defendants breached their duty to Plaintiff in the following manner:

a. By providing a cart that was defective, unstable, or otherwise in an unreasonably dangerous condition;

b. By failing to properly inspect and maintain the cart to ensure it was structurally sound and stable;

c. By failing to remove the unsafe cart from customer use;

d. By directing Plaintiff to stack cut plywood on the cart which Defendants knew or should have known was unstable or unsafe for such loading;

e. By failing to provide a cart adequate or suitable for the weight and configuration of the load Defendants directed Plaintiff to place upon it;

f. By failing to warn Plaintiff that the cart was unsafe, unstable, or inadequate for the directed use;

g. By failing to train or supervise its employees in the safe use of carts and the safe direction of customers in stacking materials; and

h. By failing to exercise reasonable care in the circumstances.

39. As a direct and proximate cause of Defendants' breach of duty, Plaintiff suffered immediate and ongoing injuries.

Not an Official Court Document

Electronically Filed - St Louis County - August 13, 2026 - 02:16 PM

40. As a business invitee, Plaintiff exercised reasonable care for his own safety and followed the directions given to him by Defendants.

COUNT II
PREMISES LIABILITY

41. Plaintiff incorporates all preceding paragraphs as fully set forth herein.

42. Defendants owed Plaintiff, as a business invitee, a duty to exercise reasonable care to keep their premises and equipment provided for customer use in a reasonably safe condition.

43. The cart provided by Defendants and placed into Plaintiff's use under the direction of Defendants was in dangerous, unsafe, and defective condition.

44. In the exercise of ordinary care, Defendants knew or could have known of the cart's dangerous, unsafe condition.

45. Defendant failed to exercise ordinary care to discover, remove, remedy, or warn of the dangerous, unsafe condition.

46. The dangerous, unsafe condition of the cart was not open or obvious to Plaintiff, particularly as Plaintiff acted under the direct supervision and instruction of Defendants and reasonably relied upon their direction to use the cart for the stated purpose.

47. Defendants' conduct was the direct and proximate cause of Plaintiff's damages.

48. As a direct and proximate result of Defendants' negligence and the dangerous, unsafe condition of its equipment, Plaintiff suffers ongoing damages, including pain, suffering, anguish, physical and emotional distress, impairment, limitation, inconvenience, evaluations, treatments, expenses, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendants in excess of $25,000.00, in addition to costs, and for such other relief the Court deems proper.

DEMAND FOR A JURY TRIAL

Electronically Filed - St Louis County - August 13, 2026 - 02:16 PM

Plaintiff hereby demands a trial by jury on all counts and claims in this cause of action.

Respectfully submitted,

**DIPASQUALE MOORE, LLC**

/s/ *Christopher Desilets*
Christopher Desilets #50792
900 Spruce St., Suite 150
St. Louis, MO 63102
(314) 888-4444
chris.desilets@dmlawusa.com
ATTORNEYS FOR PLAINTIFF

Not an Official Court Document

26SL-CC05649

Electronically Filed - St Louis County - August 13, 2026 - 02:16 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

James Wilson
Plaintiff/Petitioner

08/13/2026
Date

Case Number

vs.

Home Depot U.S.A., Inc. et al,
Defendant/Respondent

Division

Not an Official Court Document

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now James Wilson (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Joseph Powers, Tawanda Johnson, MaryBeth Rice, Martin Hueckel, Mark Rauss, Lawanda Rauss, Chris Drummond, Nancy Baumann, Lawrence Roth,
Name of Process Server — Address 1170 W Kansas St, Suite J. Liberty, MO 64068 816-912-3071 Telephone

Richard Raymond, Monica Banks, Corey Upchurch, Mark Braden, Tommy Webb, Rick Burrows, Greg Zotta, Sallie Bailey, Anthony Dunne
Name of Process Server — Address or in the Alternative — Telephone

Daniel O'connor, Kain Royer, Daniel Giannini, Elizabeth Phillips, Kurt Bergersen- 1170 W Kansas St, Suite J. Liberty, MO 64068 816-912-3070
Name of Process Server — Address or in the Alternative — Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Name: Home Depot #3010 Store Manager
Address: 7481 S. Lindberg Blvd.
City/State/Zip: Festus/MO/63125

SERVE:
Name:
Address:
City/State/Zip:

SERVE:
Name: Home Depot U.S.A., Inc.
Address: 221 Bolivar St.
City/State/Zip: Jefferson City/MO/ 65101

SERVE:
Name:
Address:
City/State/Zip:

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By ______________________
Deputy Clerk

______________________
Date

/s/ Chris Desilets
Signature of Attorney/Plaintiff/Petitioner
50792
Bar No.
900 Spruce St., Suite 150 St. louis, MO 63102
Address
314-888-4444 — 314-899-2960
Phone No. — Fax No.

Electronically Filed - St Louis County - August 13, 2026 - 02:16 PM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com. (LawandPublicSafety/Circuit/Forms).

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

26SL-CC05649

Electronically Filed - St Louis County - August 13, 2026 - 02:16 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

James Wilson
Plaintiff/Petitioner

08/13/2026
Date

Case Number

vs.

Home Depot U.S.A., Inc. et al,
Defendant/Respondent

Division

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now James Wilson (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Joseph Powers, Tawanda Johnson, MaryBeth Rice, Martin Hueckel, Mark Rauss, Lawanda Rauss, Chris Drummond, Nancy Baumann, Lawrence Roth,
Name of Process Server — Address 1170 W Kansas St, Suite J. Liberty, MO 64068 816-912-3071 Telephone

Richard Raymond, Monica Banks, Corey Upchurch, Mark Braden, Tommy Webb, Rick Burrows, Greg Zotta, Sallie Bailey, Anthony Dunne
Name of Process Server — Address or in the Alternative — Telephone

Daniel O'connor, Kain Royer, Daniel Giannini, Elizabeth Phillips, Kurt Bergersen- 1170 W Kansas St, Suite J. Liberty, MO 64068 816-912-3070
Name of Process Server — Address or in the Alternative — Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Home Depot #3010 Store Manager
Name
7481 S. Lindberg Blvd.
Address
Festus/MO/63125
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Home Depot U.S.A., Inc.
Name
221 Bolivar St.
Address
Jefferson City/MO/ 65101
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By /S/ Adam Dockery
Deputy Clerk

08/13/2026
Date

/s/ Chris Desilets
Signature of Attorney/Plaintiff/Petitioner
50792
Bar No.
900 Spruce St., Suite 150 St. louis, MO 63102
Address
314-888-4444 — 314-899-2960
Phone No. — Fax No.



Not an Official Court Document

Electronically Filed - St Louis County - August 13, 2026 - 02:16 PM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com. (LawandPublicSafety/Circuit/Forms).

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MEGAN HIGGINS JULIAN | **Case Number: 26SL-CC05649** | |
| Plaintiff/Petitioner:<br>JAMES WILSON<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER M DESILETS<br>200 N BROADWAY<br>SUITE 720<br>ST LOUIS, MO 63102 | |
| Defendant/Respondent:<br>HOME DEPOT U.S.A., INC., | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

**The State of Missouri to:** **STORE MANAGER**
**Alias:**
**HOME DEPOT #3010**
**7481 S LINDBERGH BLVD**
**FESTUS, MO 63125**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

13-AUG-2026 — Date

/S/ Adam Dockery — Clerk

**Further Information:**
AD

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________ (title).

☐ other: ______________________________________________.

Served at ______________________________________________ (address)

in ______________________ (County/City of St. Louis), MO, on ______________ (date)

at __________ (time).

______________________________ ______________________________
Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ____________________ (date).

*(Seal)*

My commission expires: ______________ ______________________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Not an Official Court Document

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

Not an Official Court Document

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Not an Official Court Document

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MEGAN HIGGINS JULIAN | **Case Number: 26SL-CC05649** | |
| Plaintiff/Petitioner:<br>JAMES WILSON<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER M DESILETS<br>200 N BROADWAY<br>SUITE 720<br>ST LOUIS, MO 63102 | |
| Defendant/Respondent:<br>HOME DEPOT U.S.A., INC., | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

**The State of Missouri to:** **HOME DEPOT U.S.A., INC.,**
**Alias:**
**REG AGT, CSC**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

13-AUG-2026
Date

/S/ Adam Dockery
Clerk

**Further Information:**
AD

Not an Official Court Document


Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________ (name) ______________________ (title).

☐ other: ______________________.

Served at ______________________ (address)

in ______________________ (County/City of St. Louis), MO, on ______________ (date)

at __________ (time).

______________________ ______________________

Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ ______________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Not an Official Court Document

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

Not an Official Court Document

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Not an Official Court Document

Electronically Filed - ST LOUIS COUNTY - August 18, 2026 - 01:39 PM

COURT:

IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

FOR COURT USE ONLY

PLAINTIFF/PETITIONER:

JAMES WILSON

DEFENDANT/RESPONDENT:

HOME DEPOT USA INC

# AFFIDAVIT OF SERVICE

CASE NUMBER:

26SL-CC05649

*132712*

Court Date: Court Time:

**STORE MANAGER AT HOME DEPOT #3010**

I, **Tawanda Johnson** ,being over the age of 18 years old and not a party to this action, depose and say that:

On **08/17/2026** at **3:09 PM**, I served the within **SUMMONS AND PETITION IN CIVIL CASE** on **STORE MANAGER AT HOME DEPOT #3010** at **7481 S LINDBERGH BLVD, Saint Louis, MO, 63125** in the manner indicated below:

**CORPORATE SERVICE** By delivering a true copy of this process with a copy of the above mentioned papers to Julie Johnson, AUTHORIZED TO ACCEPT of the above named entity and informing the within named person of the contents.

Description of person process was left with:

Sex: **Female** - Skin: **White** - Hair: **Red** - Age: **45** - Height: **5ft** - Weight: **140**

Signed and sworn to before me on this 18th day of August, 2026.

Joseph Michael Powers- Notary Public

JOSEPH MICHAEL POWERS
My Commission Expires 03-14-2028
NOTARY SEAL
Clay County
Commission # 16637765
NOTARY PUBLIC - STATE OF MISSOURI

X____________________________

**Tawanda Johnson**
816-912-3070
License(s): PPS26-0580
Job#: **132712**

ID# 26-SMCC-10638

Not an Official Court Document

Electronically Filed - ST LOUIS COUNTY - August 18, 2026 - 01:39 PM

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MEGAN HIGGINS JULIAN | **Case Number: 26SL-CC05649** | |
| Plaintiff/Petitioner:<br>JAMES WILSON<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER M DESILETS<br>200 N BROADWAY<br>SUITE 720<br>ST LOUIS, MO 63102 | |
| Defendant/Respondent:<br>HOME DEPOT U.S.A., INC., | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp for Return) |

**The State of Missouri to:** **HOME DEPOT U.S.A., INC.,**
**Alias:**
**REG AGT, CSC**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

13-AUG-2026
Date

/S/ Adam Dockery
Clerk

**Further Information:**
AD


Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - ST LOUIS COUNTY - August 24, 2026 - 12:12 PM

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MEGAN HIGGINS JULIAN | **Case Number: 26SL-CC05649** | |
| Plaintiff/Petitioner:<br>JAMES WILSON<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER M DESILETS<br>200 N BROADWAY<br>SUITE 720<br>ST LOUIS, MO 63102 | |
| Defendant/Respondent:<br>HOME DEPOT U.S.A., INC., | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp for Return) |

**The State of Missouri to:** **HOME DEPOT U.S.A., INC.,**
**Alias:**
**REG AGT, CSC**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

13-AUG-2026 /S/ Adam Dockery
Date Clerk

**Further Information:**
AD

Not an Official Court Document

Electronically Filed - ST LOUIS COUNTY - August 24, 2026 - 12:12 PM

**Case Number: 26SL-CC05649**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to: Lauren Shipley (name) Authorized Agent (title).

☐ other: ______________________.

Served at 221 Bolivar St. Jefferson City MO (address)

in Cole (County/City of St. Louis), MO, on 8-17-26 (date)

at 8:50 A.M. (time).

Rufus R. Harmon — Printed Name of Officer or Server

Rufus R. Harmon — Signature of Officer or Server

KELSEY SCHRIMPF
Notary Public, Notary Seal
State of Missouri
Cole County
Commission # 23381805
My Commission Expires 08-14-2027
(Seal)

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on 8/22/26 (date).

My commission expires: 8/14/27 Date — Kelsey Schrimpf Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Not an Official Court Document